**Barney DIXON, Plaintiff,**

v.

**CERTAINTEED CORPORATION,**
**et al., Defendants.**

Civil A. No. 94–2310–GTV.

United States District Court,
D. Kansas.

April 11, 1996.

Paul E. Serrano, Jr., Robert L. Dameron, Blake & Uhlig, P.A., Kansas City, KS, Henri

J. Watson, and Russell S. Dameron, Watson & Dameron, Kansas City, MO, for Barney Dixon.

Roger W. Warren, Kathryn A. Regier, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, and Brett A. Davis, Westwood, KS, for the CertainTeed Corporation.

Bernard T. Schmitt, Harris, McCausland & Schmitt, P.C., Kansas City, MO, for Precision Constructors, Inc.

David E. Larson and Brett A. Davis, Westwood, KS, for Insurance Solutions and Brookville Insurance Agency, Inc.

Thomas R. Buchanan, McDowell, Rice & Smith, P.C., Overland Park, KS, Joseph M. Backer, Kurlbaum, Stoll, Seaman, Reefer Suter & Mustoe, P.C., Kansas City, MO, for Henry F. Teichmann, Inc.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This matter is before the court on the motion of defendant CertainTeed Corporation ("CertainTeed") for separate trial (Doc. 189), pursuant to Fed.R.Civ.P. 42(b). Plaintiff has responded (Doc. 204) and opposes CertainTeed's motion. Third-party defendant Henry F. Teichmann, Inc. ("Teichmann") joins in CertainTeed's motion (Doc. 207). For the reasons set forth below, CertainTeed's motion is granted.

In this negligence action, plaintiff claims that unsafe conditions at CertainTeed's plant caused him to fall and suffer permanent injuries in July 1994. Plaintiff's accident occurred while he was working as a laborer for Teichmann.

CertainTeed asserts that it has an absolute defense to plaintiff's action. Pursuant to the Kansas Worker's Compensation Act ("Act"), CertainTeed contends that it was plaintiff's statutory employer at the time of his accident. K.S.A. § 44–503(a). As his statutory employer, CertainTeed maintains that plaintiff's exclusive remedy for any injuries he sustained at CertainTeed's plant falls under K.S.A. § 44–501(b).

In a motion for summary judgment, CertainTeed requested that the court find, as a matter of law, that CertainTeed was plaintiff's statutory employer at the time of his accident. In its October 3, 1995 memorandum and order, the court found that genuine issues of material fact existed regarding CertainTeed's alleged status as plaintiff's statutory employer. Consequently, the court denied CertainTeed's motion.

In its current motion, CertainTeed requests that the court bifurcate the statutory employer issue for a separate trial for the following reasons: (1) A separate trial on this issue will promote judicial and litigant economy and efficiency; (2) A separate trial will not prejudice plaintiff; (3) CertainTeed might suffer prejudice if the statutory employer issue and plaintiff's other claims are included in a single trial; (4) A prior, separate trial on this issue would allow plaintiff to concentrate on the crux of his case—his personal injury claims—in the second trial.

Plaintiff opposes bifurcation of the statutory employer issue and argues that all issues should be presented in one trial. He maintains that a separate trial would increase the cost and inconvenience of the litigation and would benefit only CertainTeed. Plaintiff also contends that separate trials would require duplication of evidence and witnesses and would not contribute to efficient judicial administration or expeditious litigation. Finally, plaintiff asserts that even if CertainTeed had established that a single trial would cause it prejudice, the court can alleviate that prejudice through its instructions to the jury.

The court has broad discretion in determining whether to sever issues for trial. *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir.1993); *Easton v. City of Boulder*, 776 F.2d 1441 (10th Cir.1985), *cert. denied*, 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986). CertainTeed must demonstrate the need for a separate trial. *See Dick v. Haas–Wilkerson, Wohlberg*, No. 88–2017–0, 1990 WL 58705, at *1 (D.Kan.1990) (single trial normally lessens the expense and inconvenience of the litigation). Fed. R.Civ.P. 42(b) provides:

[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and

economy, may order a separate trial . . . of any separate issue. . . .

Upon review of the entire record, the court finds that bifurcating the statutory employer issue will advance the interests of judicial efficiency and litigant economy in this action. A separate trial will not delay this action because the second trial on plaintiff's personal injury claims can be presented immediately after a decision on the statutory employer issue. Further, because this trial is not set to begin until January 1997, it is difficult for the court to envision that a separate trial will cause the parties undue delay.

Additionally, the statutory employer issue is easily separated from plaintiff's remaining personal injury claims. Advance resolution of the statutory employer issue will allow the case to proceed against only those parties that can be liable for plaintiff's claims. A separate trial also will lessen the threat of prejudice to CertainTeed without prejudice to plaintiff. The court concludes that a separate trial on the statutory employer issue is appropriate.

IT IS, THEREFORE, BY THE COURT ORDERED that CertainTeed's motion for a separate trial (Doc. 189) on the statutory employer issue is granted.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**